STATE OF LOUISIANA                    *          NO. 2022-K-0377

VERSUS                                *          COURT OF APPEAL

JOHN SHALLERHORN                      *          FOURTH CIRCUIT

                                      *          STATE OF LOUISIANA

                                      *

                                      *
                        * * * * * * *


**_MJ_ JASMINE, J., PRO TEMPORE, DISSENTS AND ASSIGNS REASONS**

I respectfully dissent from the majority's decision to deny the writ. I would grant the defendant's writ application in that I find once the State provided notice that it would not seek the death penalty, thus electing to prosecute the first degree murder charge against Mr. Shallerhorn as a non-capital case, Mr. Shallerhorn was free to waive a jury trial.

La. R.S. 14:30(C)(2) provides if the State does not seek the death penalty, the provisions of La. C.Cr.P. art. 782 apply.  In *State v. Bishop*, 10-1840, p. 5 (La. App. 1 Cir. 6/10/11), 68 So.3d 1197, 1201, the defendant was charged with four counts of first degree murder, and the State opted not to seek the death penalty. The First Circuit determined that La. R.S. 14:30(C)(2) "create[s] a hybrid capital/non-capital statute" granting the State authority to designate "a case as non-capital by opting to forego the possibility of a death penalty."  *Id.,* 10-1840, p. 6, 68 So.3d at 1202.  The First Circuit concluded that in cases where the state opted not to seek the death penalty, i.e., opted to prosecute first degree murder as a non-capital offense, the provisions of La. C.Cr.P. art 782(A), requiring a unanimous jury verdict[1], were not applicable.  *Id.,* 10-1840, p. 6-7, 68 So.3d at 1202.  While

---

[1] La. Const. art. I, Section 17 and La. C.Cr.P. art. 782 were recently amended to require unanimous jury verdicts in crimes which occur after January 1, 2019.  Subsequently, the United States Supreme Court issued its opinion in *Ramos v. Louisiana*, 590 U.S. ___, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020), holding that Louisiana's non-unanimous jury verdict law was unconstitutional.

1

the procedural posture of the instant case, a pretrial setting, distinguishes it, I agree with the reasoning in *Bishop*.

Further, a defendant "who has never faced the prospect of the death penalty" may validly waive his right to a jury trial." *State v. Serigne,* 16-1034, p. 6-7 (La. 12/6/17), 232 So.3d 1227, 1231. The State filed noticed on March 10, 2021, that it would forgo capital punishment. On March 16, 2021, Mr. Shallerhorn filed a motion for a bench trial, seeking to waive his right to a jury trial. The trial court concluded that because the State could at a later date reverse course and opt to seek the death penalty, it could not grant the waiver of a jury trial. Although it is conceivable that the State could change its mind, in cases where such a possibility existed, the trial courts declined to find that the defendants could not waive their right to a jury trial based on the possibility that the State may change course and decide to pursue the death penalty. *See State v. Lastrapes,* 19-56 (La. App. 3 Cir. 10/2/19), 280 So.3d 679; *also State v. Lewis,* 09-846, p. 1-2 (La. App. 3 Cir. 4/7/10), 33 So.3d 1046, 1049-1050, *writ denied,* 10-967 (La. 11/24/10), 50 So.3d 825. Additionally, defense counsel indicates that at the pre-trial conference held on April 1, 2022, the State reiterated its position and offered to stipulate "for purposes of this issue that the State did not have any intention of seeking the death penalty in this case."

Based on the foregoing, I find the requirement for a trial by jury in a capital case, pursuant to La. C.Cr.P. art. 782(A) does not apply to Mr. Shallerhorn's case. Once the State filed its notice that it would not seek the death penalty, the State chose to prosecute the first degree murder charge as a non-capital case. Therefore, Mr. Shallerhorn was free to waive a jury trial as the requirement for a trial by jury in a capital case, pursuant to La. C.Cr.P. art. 782(A), no longer applied. For these reasons, I would grant the writ and reverse the trial court's denial of Mr. Shallerhorn's motion to waive his right to trial by jury.

2